FILED
2021 Sep-21 AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DON E. SHARPE, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN )<br>CORPORATION, )<br>)<br>Defendant. ) | CIVIL ACTION NO:<br>CV-21<br>JURY DEMAND |

# COMPLAINT

**I.   JURISDICTION**

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202 and the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 §2000e *et seq.* and 42 U.S.C. §1981 providing for injunctive and other relief against race discrimination in employment.

2.   The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§1331, 1343(4); 28 U.S.C. §§ 201 and 2202; and 42 U.S.C. 2000e-5(f)(3).

1

3. Plaintiff has fulfilled all conditions precedent to the institution of this action by timely filing his EEOC Charge of Discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff timely filed his claim of race discrimination within 90 days of the receipt of his right-to-sue letter from the Equal Employment Opportunity Commission, dated June 30, 2021.

4. The unlawful employment practices alleged herein below were committed by Defendant within the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

## II.  PARTIES

5. Plaintiff, Don E. Sharpe, is an African-American citizen of the United States and a resident of Birmingham, Jefferson County, Alabama. Plaintiff was employed by Defendant at its Irondale, Jefferson County, Alabama location at all times relevant to this lawsuit.

6. Defendant, Norfolk Southern Corporation, is a Corporation doing business in Alabama, and is an entity subject to suit under 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981.

7. Defendant is a Norfolk, Virginia-based company that owns a major freight railroad, Norfolk Southern Railway Company, which is also headquartered in Norfolk, Virginia. Defendant operates approximately 19,500 route miles in 22 states

and the District of Columbia, serves every major container port in the eastern United States, and operates the most extensive intermodal network in the East. Defendant employs approximately 20,000 people.

### III. STATEMENT OF FACTS

8. Plaintiff re-alleges and incorporates by reference paragraphs 1-7 with the same force and effect as if fully set out in specific detail hereinbelow.

9. Plaintiff has been discriminated against because of his race in discipline, job/work assignments, termination, and other adverse terms and conditions of employment.

10. Plaintiff began his employment and established union seniority with Defendant on June 16, 2008, as Fireman & Oiler on the Alabama Division in the Defendant's Mechanical department.

11. Firemen & Oilers are responsible for conducting routine maintenance and service on facilities and locomotives; to including checking oil, refueling, filling sand buckets, etc. In addition, Fireman & Oilers operate forklifts and other equipment, as required, and are subject to working various shifts.

12. During Plaintiff's employment he performed his job duties and responsibilities in a satisfactory manner.

13. On April 16, 2020, J.A. "Jeremy" White, Caucasian General Foreman,

stated that he observed Plaintiff in the breakroom using his cell phone. Plaintiff was sitting in the breakroom and not on the work floor or work site when using his phone.

14. There is no regulation against using a cell phone in the breakroom.

15. However, Mr. White informed Plaintiff that he had been instructed to send Plaintiff home.

16. On May 7, 2020, an investigation was conducted.

17. On June 7, 2020, Plaintiff received a letter stating that Defendant had decided to terminated his employment due to this infraction and Plaintiff's past disciplinary history.

18. However, David Paone, Caucasian, was caught using his cell phone on a locomotive, which is a direct violation of company policy, and was not terminated. Mr. Paone received a thirty-day suspension. Mr. Paone, during his approximately five years of employment, Mr. Paone had received five formal investigations, letter of counseling, and/or suspension.

19. In addition, other similarly situated Caucasian employees have been caught being on their cell phones and not written up, suspended or terminated, i.e., treated better than Plaintiff was treated.

20. Defendant's proffered reason(s) for Plaintiff's discriminatory treatment are/were pretext for race discrimination.

21. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV.   CAUSE OF ACTION: RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 and TITLE VII

22. Plaintiff re-alleges and incorporates by reference paragraph 1-21 above with the same force and effect as if fully set out in specific detail hereinbelow.

23. Plaintiff brings this claim for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 U.S.C. § 1981.

24. Plaintiff is African-American.

25. Based on the totality of the facts presented above in paragraphs 9-21, Plaintiff has been discriminated against because of his race in his termination from Defendant. These facts include, but are not limited to, the falsity of Defendant's reason for Plaintiff's termination, and evidence of preferential treatment given to Caucasian employees.

26. Defendant's proffered reasons for termination were pretext for race discrimination.

27. As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress and other compensatory damages.

28. Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

29. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding him any and all positions (transfer/vacancies) and pay he would have had received in the absence of race discrimination, back-pay (plus interest), front-pay, punitive, compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.**

Respectfully submitted,

/s/ Gregory O. Wiggins

Gregory O. Wiggins
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**DEFENDANT'S ADDRESS:**
To Be Served Via Certified Mail
   Norfolk Southern Corporation
   c/o Registered Agent, Crawford S. McGivaren, Jr.
   2001 Park Place North, Suite 700
   Birmingham, Alabama 35203